EL PUEBLO, DEMANDANTE Y APELADO, *v.* DIODONET, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por, delito de acometimiento y agresión con circunstancias agravantes.

No. 831.—Resuelto en julio 10, 1915.

DENUNCIA—JURAMENTO DE LA DENUNCIA.—La cuestión de si una denuncia está o nó debidamente jurada debe promoverse en la corte inferior.

PRUEBA—ACTOS ANTERIORES O DELITOS.—La mera prueba de actos anteriores o delitos no tiende a establecer la existencia de un acto posterior o delito.

ID.—OBJECIONES A PREGUNTAS DE UN TESTIGO PROPIO—PROMESA DE PRUEBA.— Si una pregunta que se dirige a un testigo propio es objetada, debe ofrecerse demostrar lo que se intenta probar con su contestación, si es que se desea oponerse a la eliminación de la pregunta, cuando el objeto de la misma no es claro y la pregunta no indica si la contestación del testigo ha de ser material, pertinente o adecuada; pero cuando de la pregunta misma aparece su objeto, y la materialidad de la prueba que trata de ponerse de manifiesto, no es necesario hacer la promesa de la prueba.

ACOMETIMIENTO Y AGRESIÓN CON CIRCUNSTANCIAS AGRAVANTES—PRUEBA—ATAQUES SUFRIDOS POR LA DENUNCIANTE—PROMESA DE PRUEBA.—Cuando la evidencia tiende a demostrar que un adulto acometió y agredió a una mujer tirándola contra el suelo y agrediéndola mientras tanto, la pregunta hecha a un testigo referente al número de ataques que había padecido la denunciante agredida, no era suficiente a falta de una promesa (*offer*) más terminante.

PRUEBA CONTRADICTORIA—CONFLICTO DE LA PRUEBA—TESTIGOS—CONTRADICCIONES ENTRE LOS TESTIGOS DE UNA MISMA PARTE.—El principio de que el conflicto en la prueba debe ser resuelto por la corte inferior, es aplicable no

sólo cuando existe contradicción entre los testigos de una y otra parte, sino también cuando los testigos de una misma parte se contradicen virtualmente los unos a los otros.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres Tizol* y *Campillo*.

Abogado del apelado: *Sr. Salvador Mestre, Fiscal*.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El apelante, que es un varón adulto, fué denunciado por haber acometido y agredido a Milagros Morales que es una mujer, pegándole con las manos y los pies, agarrándola por el cuello, causándole varias contusiones en el cuerpo y las manos. La vista del caso tuvo lugar en la corte municipal, celebrándose luego el juicio *de novo* ante la corte de distrito donde el acusado fué declarado culpable de un delito de acometimiento y agresión grave y condenado a tres meses de cárcel.

El primer error que ha sido alegado se refiere a que la denuncia no está jurada debidamente. No consta que esta cuestión haya sido promovida en la corte inferior. De todos modos la denuncia fué jurada por la denunciante aunque del documento aparece que un policía firmó por ella.

El segundo error alegado consiste en la negativa de la corte a admitir prueba tendente a acreditar el número de veces que la denunciante había padecido de ataques. El Fiscal había ofrecido prueba con el objeto de mostrar el hecho de haber sido tirada la denunciante contra el suelo por el apelante durante la lucha en que se hallaban, y que ella fué agredida por el acusado mientras estaba en el suelo. La defensa había presentado prueba tendente a demostrar que Milagros Morales, o sea la denunciante, cayó al suelo con un ataque. La corte se negó a admitir prueba con el fin de acreditar el número de ataques, por el fundamento de no ser perito médico el testigo que declaraba. No aparece de modo claro la pertinencia o materialidad de la prueba ofrecida. Es una cuestión de sentido común como también un

principio de evidencia, que la mera prueba de actos anteriores o delitos no tiende a establecer la existencia de un acto posterior o delito. Si la idea de la defensa era probar que la denunciante tenía la costumbre de fingir para así hacer ver que tenía un padecimiento, debió haberse ofrecido a acreditar ese extremo. La prueba de anteriores ataques no tiende a acreditar que la denunciante pretendía estar agredida. Si la teoría de la defensa era que la denunciante sufría de alguna enfermedad, entonces fué correcta la resolución de la corte de que el testigo no era perito, a falta de una promesa (*offer*) más terminante. El principio está condensado en el tomo 38 de Cyc., página 1329. ''Si se formula objeción a la pregunta dirigida al propio testigo de la parte deberá ir ésta acompañada de la promesa de lo que se quiere probar con la contestación del testigo, si se desea formular objeción a la eliminación de la pregunta, cuando el objeto de ésta no es claro y la pregunta no indica si la contestación del testigo sería material, pertinente o adecuada.; pero cuando la pregunta muestra su objeto y la materialidad de la prueba que se trata de poner de manifiesto, no es necesario hacer la promesa de probar.'' En este caso no era manifiesto el propósito, particularmente porque la prueba tendía a mostrar que el acusado continuó atacando a la denunciante después de estar ésta en el suelo. Algunos de los casos pertinentes son el de *De Forest* v. *United States,* 11 App. D. C., 461, en cuyo caso la corte dice:

''En un estado posterior del juicio se trató a nombre de la defensa de poner de manifiesto por medio de un testigo que fué llamado por esa parte, el relato que a ella le hizo un testigo que antes había declarado y que fué llamado por el Fiscal, relativo a las razones por las cuales había declarado así. Esto fué rechazado. por la corte inferior por resultar que nadie más estaba presente durante la conversación. No es necesario que nos detengamos a considerar si el fundamento que aquí se ha aducido para excluir la prueba propuesta era o nó correcto. Ciertamente que de los autos no aparece que haya habido error en cuanto a esto. No consta cómo podía ser pertinente en alguna forma la prueba propuesta. No existe promesa específica

de prueba como debió haberse hecho, si es que el objeto era basarse en dicha prueba; siendo imposible inferir de los autos cuál es su objeto, a menos que éste fuera el de impugnar la credibilidad del anterior testigo; y para eso no se había establecido base suficiente en el interrogatorio hecho al testigo que se trató de impugnar.''

Y también el de *Pickford* v. *Talbott*, 28 App. D. C., 505.

El único otro error que ha sido alegado es que la sentencia no está sostenida por la prueba. Los abogados del apelante conocen bien la jurisprudencia de este tribunal en la cual se establece que cuando hay un conflicto en la prueba, como se admite que existe en este caso, deberá éste ser resuelto por la corte inferior, pero alegan dos razones especiales que someten a nuestra consideración en este caso. La primera es que los testigos de la acusación se contradicen virtualmente los unos a los otros. Podría admitirse esto y observarse todavía el principio de que tal conflicto debe ser resuelto por la corte inferior en la misma forma que cuando hay contradicción entre los testigos de una y otra parte. Pero aunque hubo discrepancia en los detalles de cada una de las declaraciones de los testigos del gobierno, todas sus declaraciones tienden, sin embargo, a sostener la denuncia, o sea, que el apelante había agredido severamente a la denunciante. La otra materia especial es que los testigos de la acusación no son dignos de crédito por ser una prostituta la denunciante, completamente inmoral, uno de los testigos su querido, otro una mujer compañera suya, y todavía otra que era amiga de su querido. Estas objeciones van dirigidas al peso de la prueba. Llama la atención el apelante hacia el carácter más digno de crédito de sus propios testigos, pero el Fiscal alega que éstos eran guardias compañeros del apelante. Estos no estaban muy cerca del lugar del suceso y no presenciaron todos los hechos que fueron referidos por los testigos de la denunciante, de manera que la corte debe haber creído que ellos no vieron gran cosa de lo que pasó. La prueba presentada por ambas partes fué considerada o aqui-

latada por la corte inferior, y no vemos que haya habido pasión, prejuicio u otro elemento que justifique una revocación.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison disintió.